IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02109-MSK-KLM

WILDEARTH GUARDIANS,

        Plaintiff,

v.

LISA JACKSON, in her official capacity as Administrator of the Environmental Protection Agency,

        Defendant.

## CONSENT DECREE

WHEREAS, on September 3, 2009, Plaintiff WildEarth Guardians filed its Complaint in this action against Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("Defendant" or "EPA");

WHEREAS, Plaintiff alleges that EPA has approved a State Implementation Plan ("SIP") for the State of Utah under section 110(k) of the Clean Air Act ("CAA"), 42 U.S.C. § 7410(k);

WHEREAS, Plaintiff alleges that the Utah SIP contains a provision, Utah Regulation 307-107-1 through 307-107-5 ("the Utah breakdown provision"), relating to excess emissions resulting from the breakdown of pollution control equipment;

WHEREAS, Plaintiff alleges that the Utah breakdown provision is inconsistent with sections 107(a) and 110(a)(1) of the CAA, 42 U.S.C. §§ 7407(a), 7410(a)(1);

WHEREAS, on December 31, 2007, Plaintiff submitted to EPA an administrative petition requesting that EPA formally notify the State of Utah under section 110(k)(5) of the CAA, 42 U.S.C. § 7410(k)(5), that the Utah breakdown provision is inadequate to comply with the requirements of the CAA, and further requesting that EPA require Utah to revise the Utah

breakdown provision as necessary to meet the requirements of the CAA;

WHEREAS, EPA has not taken action to grant or deny Plaintiff's administrative petition;

WHEREAS, Plaintiff has alleged that EPA has failed to undertake a mandatory duty under section 110(k)(5) of the CAA, 42 U.S.C. § 7410(k)(5), to require Utah to revise the Utah breakdown rule;

WHEREAS, Plaintiff has further alleged that EPA has unreasonably delayed action on Plaintiff's administrative petition within the meaning of CAA section 304(a), 42 U.S.C. § 7604(a), and 5 U.S.C. §§ 555(b), and 706(1);

WHEREAS, Plaintiff and Defendant have agreed to a settlement of this case without any admission of any issue of fact or law, which they consider to be a just, fair, adequate and equitable resolution of the claims raised in this action; and

WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve the issues in this action without protracted litigation.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree.

2. Venue lies in the District of Colorado.

3. Plaintiff and Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no party shall challenge the terms of this Consent Decree. This Consent Decree constitutes a complete and final resolution of all claims which have been asserted or which could have been asserted in the Complaint.

4. This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Consent Decree, the obligations set forth in this Decree are null and void.

5. By February 28, 2011, or within 20 days after the Court's entry of this Consent Decree, whichever is later, EPA shall sign a notice of final rulemaking action determining whether the Utah Breakdown provision (Utah Regulations 307-107-1 through 307-107-5) renders the Utah SIP "substantially inadequate" within the meaning of section 110(k)(5) of the CAA, 42 U.S.C. § 7410(k)(5), and, if EPA determines that the SIP is substantially inadequate, requiring the State to revise the SIP as it relates to the Utah breakdown provision.

6. Within 15 business days following signature of the action required by Paragraph 5, EPA shall deliver notice of the action to the Office of the Federal Register for publication.

7. The deadline in Paragraph 5 may be extended for a period of 60 days or less by written stipulation executed by counsel for Plaintiff and Defendant and filed with the Court. Any other extension to the deadline in Paragraph 5 may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by either party to this Consent Decree and upon consideration of any response by the non-moving party.

8. EPA agrees to settle Plaintiff's claim for costs and attorneys' fees by paying $4,588.50 as soon as reasonably practicable after entry of this Consent Decree. This amount shall be paid by Fed Wire Electronic Funds Transfer to WildEarth Guardians. Plaintiff agrees to accept payment of $4,588.5.00 in full satisfaction of any and all claims for costs and attorneys' fees with respect to this case, except that Plaintiff reserves the right to seek fees for enforcement of the Consent Decree in the future. EPA does not concede that Plaintiff will be entitled to fees for any efforts by Plaintiff to enforce the Consent Decree in the future, and EPA reserves all defenses with respect to any such enforcement efforts and any related fee claim. The fees paid

under this Paragraph shall have no precedential value in any future fee claim.

9. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 7 of this Consent Decree, and to resolve any disputes in accordance with Paragraph 14 of this Consent Decree. Once EPA has taken the action called for in Paragraphs 5, 6 and 8 of this Consent Decree, this Decree shall be terminated and the case dismissed with prejudice. The Parties may either jointly notify the Court that the Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion. If EPA notifies the Court by motion, then Plaintiff shall have twenty days in which to respond to such motion.

10. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree.

11. The parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of Clean Air Act § 113(g), 42 U.S.C. § 7413(g). That subsection provides that notice of this proposed Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Consent Decree.

12. Nothing in the terms of this Consent Decree shall be construed to waive any remedies Plaintiff may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), with respect to any future challenges to the final rulemaking action called for in Paragraph 5.

13. Nothing in this Consent Decree shall be construed to provide this Court with jurisdiction over any challenges by Plaintiff or any other person or entity not a party to this

litigation with respect to any future challenges to the final rulemaking action called for in Paragraph 5.

14. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall contact the other party to confer and attempt to reach an agreement on the disputed issue. If the parties cannot reach an agreed-upon resolution, then either party may move the Court to resolve the dispute.

15. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and Defendant and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree. This Consent Decree shall be governed and construed under the laws of the United States.

16. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

17. The undersigned representative of each party certifies that he is fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

18. Any written notices or other written communications between the parties contemplated under this Consent Decree shall be sent to the undersigned counsel at the addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.

|  |  |
|---|---|
| | Respectfully submitted, |
| | IGNACIA S. MORENO<br>Assistant Attorney General |
| Dated: 11/23/2009 | s/David A. Carson<br>DAVID A. CARSON<br>United States Department of Justice<br>Environment and Natural Resources<br>Division<br>1961 Stout Street - 8th Floor<br>Denver, Colorado 80294<br>(303) 844-1349<br>david.a.carson@usdoj.gov |
| | COUNSEL FOR DEFENDANT |
| Dated: 11/17/2009 | s/James J. Tutchton<br>JAMES J. TUTCHTON<br>WildEarth Guardians<br>1536 Wynkoop St., Suite 301<br>Denver, Colorado 80202<br>(720) 301-3843<br>jtutchton@wildearthguardians.org |
| | COUNSEL FOR PLAINTIFF |

Upon consideration of the foregoing, the Court hereby finds that this Consent Decree is fair, reasonable, consistent with the Clean Air Act and in the public interest.

IT IS SO ORDERED.

March 9, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge